**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

| | |
|---|---|
| RANDY STEPHENS,<br>        Appellant, | DOCKET NUMBER<br>DC-1221-20-0855-X-1 |
| v. | |
| DEPARTMENT OF THE ARMY,<br>        Agency. | DATE: May 16, 2023 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Shaun Yancey, Esquire, Atlanta, Georgia, for the appellant.

Anette H. Veldhuyzen, Esquire and Elwood Lee Waters, III, Fort Lee, Virginia, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member[2]

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

[2] Member Leavitt's name is included in decisions on which the three-member Board completed the voting process prior to his March 1, 2023 departure.

# FINAL ORDER

¶1     On August 25, 2021, the administrative judge issued a compliance initial decision finding the agency in noncompliance with a settlement agreement filed with the Board for enforcement purposes at the request of the parties, granted the appellant's petition for enforcement, and ordered the agency to "pay the appellant twenty five thousand dollars ($25,000.00) in compensatory damages, and twenty two thousand dollars ($22,000.00) for attorneys' fees" within 30 days. *Stephens v. Department of the Army*, MSPB Docket No. DC-1221-20-0855-C-1, Compliance File (CF), Tab 4, Compliance Initial Decision (CID) at 3–4; *Stephens v. Department of the Army*, MSPB Docket No. DC-1221-20-0855-W-1, Initial Appeal File (IAF), Tab 28, Initial Decision (ID).   For the reasons discussed below, we find the agency in compliance and DISMISS the petition for enforcement.

## DISCUSSION OF ARGUMENTS AND EVIDENCE ON COMPLIANCE

¶2     On September 10, 2020, the appellant filed an individual right of action appeal alleging whistleblower retaliation.  CID at 2.  On or about November 16, 2020, the appellant and the agency executed a Settlement Agreement (Agreement) resolving the IRA appeal.  *Id.*  Pursuant to the Agreement, the agency promised, in pertinent part, to pay the appellant $25,000 in compensatory damages and $22,000 in attorney's fees as a lump sum payment by check payable to the appellant's counsel's law firm, Melville Johnson, P.C.  *Id.*; IAF, Tab 26, at 7-8. The agency further agreed to initiate paperwork to the Defense Finance Accounting Service (DFAS) for payment of the sum within sixty days of the termination of the seven-day revocation period provided in the agreement, which meant the request to DFAS was due on or about January 22, 2021.  CID at 2; IAF, Tab 26, at 7-8.

¶3     At the parties' request, the administrative judge issued an initial decision dated November 30, 2020, dismissing the appeal as settled and accepting the

Agreement into the record for enforcement purposes pursuant to [5 C.F.R. § 1201.182](). ID at 1-2. The November 30, 2020 initial decision became the final decision of the Board on January 4, 2021, as neither party petitioned the full Board for review. ID at 2.

¶4      On July 22, 2021, the appellant filed a petition for enforcement of the Settlement Agreement. CF, Tab 1. The appellant alleged that in fact, the agency did not submit the paperwork to DFAS required to process the appellant's payment within the agreed-upon timeframe. CF, Tab 1 at 6–8; *see* CID at 2. The administrative judge issued an Acknowledgement Order and a Second Order to Respond directing the agency to respond to the allegations in the appellant's petition for enforcement. *See* CID at 2-3. The agency failed to respond to either order. *Id.*

¶5      On August 25, 2021, the administrative judge determined the agency was not in compliance with the Agreement. CID at 3-4. The administrative judge found specifically that "[t]he undisputed facts show that the agency failed to provide the proper documentation to DFAS to effectuate the appellant's payment, and failed to pay the appellant in a timely manner." CID at 3. The administrative judge further found that the agency's breach of the Agreement was material due to the amount of the outstanding payment.[3] CID at 4. Finally, the administrative judge ruled that the appellant filed the petition for enforcement within a reasonable time after the appellant became aware of the breach. CID at 3-4.

¶6      Neither party filed a petition for review of the compliance initial decision. Thus, the appellant's petition for enforcement has been referred to the Board for a final decision on issues of compliance pursuant to [5 C.F.R. § 1201.183](b)-(c).

---

[3] The initial decision did not address whether the appellant wished to enforce the agreement or rescind it. *See Kitt v. Department of the Navy*, [116 M.S.P.R. 680](), ¶ 12 (2011). The appellant stated that he wished to enforce it, however. CF, Tab 1 at 9.

*Stephens v. Department of the Army*, MSPB Docket No. DC-1221-20-0855-X-1, Compliance Referral File (CRF), Tab 1.

¶7        On September 8, 2021, the agency filed a Motion to Submit Evidence of Payment, in which it appears to assert that DFAS issued a check in the amount of $47,000 to the appellant on or about August 25, 2021. *See* CRF, Tab 1 at 6-7. On September 9, 2021, the Clerk of the Board issued an Acknowledgement Order to the appellant notifying him of his right to respond to the agency's submission and advising him that if he did not respond to the submission within 20 days of service, then the Board may assume that he is satisfied and dismiss the petition for enforcement. CRF, Tab 2 at 2. The appellant has not responded to the Acknowledgement Order or the agency's Motion to Submit Evidence of Payment.

¶8        On September 24, 2021, the agency filed a Motion to Dismiss for Substantial Compliance in which it asserts, inter alia, that "[o]n September 2, 2021, DFAS payment was posted," and "[o]n September 10, 2021, payment of $47,000 to Melville Johnson cleared." CRF, Tab 4 at 3. To support its assertions, the agency has attached email correspondence and printouts from DFAS's computer system showing that DFAS issued a check in the amount of $47,000 to Melville Johnson, P.C., and that on September 10, 2021, the check cleared. CRF, Tab 4 at 18-20. The appellant has not responded to the agency's Motion to Dismiss for Substantial Compliance.[4]

¶9        "The Board will enforce a settlement agreement that has been entered into the record in the same manner as a final Board decision or order." *Burke v.*

---

[4] On October 12, 2021, the appellant filed a motion for attorney fees in the compliance case. CF, Tab 6. The motion did not address the agency's evidence of compliance. In any event, the motion is premature, as it was filed before this final decision issued. *See* 5 C.F.R. § 1201.203(d) ("A motion for attorney fees must be filed as soon as possible after a final decision of the Board but no later than 60 days after the date on which a decision becomes final."); *Belmont v. U.S. Postal Service*, 109 M.S.P.R. 505, ¶ 8 (2008) (denying motion for attorney fees filed before issuance of final decision as premature). If the appellant wishes his attorney fee petition to be considered, he must file it as a separate case, pursuant to 5 C.F.R. § 1201.203(b).

*Department of Veterans Affairs*, [121 M.S.P.R. 299](#), ¶ 8 (2014). When the appellant alleges the agency has breached a settlement agreement, the agency must respond by producing relevant, material evidence of its compliance or showing good cause for noncompliance. *Id.* However, the appellant ultimately bears the burden of proving the agency's breach by a preponderance of the evidence.[5] *Id.*

¶10     In its September 24, 2021 statement of compliance, the agency asserts that it caused DFAS to tender payment of $47,000 by check payable to Melville Johnson, P.C., as required under the Agreement, and has attached supporting documentation from DFAS's computer system showing that a $47,000 check to Melville Johnson, P.C., cleared on September 10, 2021. CRF, Tab 4 at 3. The Board determines that the agency's submission shows that it is now in compliance with the requirement that it pay the appellant $47,000 in total for compensatory damages and attorney's fees. Since the appellant has not responded to the agency's assertions and evidence of compliance, the Board assumes he is satisfied. *See Baumgartner v. Department of Housing and Urban Development*, [111 M.S.P.R. 86](#), ¶ 9 (2009).

¶11     Based upon the foregoing, the Board finds the agency in compliance and dismisses the petition for enforcement. This is the final decision of the Merit Systems Protection Board in this compliance proceeding. Title 5 of the Code of Federal Regulations, section 1201.183(c)(1) ([5 C.F.R. § 1201.183](#)(c)(1)).

---

[5] A preponderance of the evidence is "[t]he degree of relevant evidence that a reasonable person, considering the record as a whole, would accept as sufficient to find that a contested fact is more likely to be true than untrue." [5 C.F.R. § 1201.4](#)(q).

**NOTICE TO THE APPELLANT REGARDING
YOUR RIGHT TO REQUEST
ATTORNEY FEES AND COSTS**

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set out at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your attorney fees motion with the office that issued the initial decision on your appeal.

**NOTICE OF APPEAL RIGHTS[6]**

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions

---

[6] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

(1) **Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain

judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[7]  The court of appeals must <u>receive</u> your petition for review within **60 days** of <u>the date of issuance</u> of this decision.  5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[7]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:                          /s/ for
                                 Jennifer Everling
                                 Acting Clerk of the Board

Washington, D.C.